*Monday, June 23, 1997*

## MOTION DOCKET

**96–2791. Sun Newspapers v. Moreland Hills.**
In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. On April 23, 1997, this court dismissed the cause, *sua sponte*, having determined that relator had not timely filed a brief and therefore had failed to prosecute the cause with the requisite diligence.

On June 17, 1997, relator filed a motion under Civ.R. 60(B) for relief from judgment with a memorandum in support of the motion. Relator requests that this court vacate its prior dismissal and grant the writ of mandamus. Whereas relator's motion for relief for judgment is, in substance, a motion for reconsideration of this court's entry of April 23, 1997, and whereas, S.Ct.Prac.R. XI prohibits the filing of a motion for reconsideration that is not timely,

IT IS ORDERED by the court, *sua sponte*, that relator's motion for relief from judgment be, and hereby is, stricken.

**97–599. Moore v. Univ. of Cincinnati Hosp.**
Franklin App. No. 96API05–560. On June 16, 1997, appellee filed a memorandum opposing motion for reconsideration which was due June 13, 1997. S.Ct.Prac.R. XIV(1)(C) prohibits the filing of documents that are not timely tendered for filing. Accordingly,

IT IS ORDERED by the court, *sua sponte*, that the memorandum opposing motion for reconsideration be, and hereby is, stricken.

**97–887. Barnett v. Ohio Adult Parole Auth.**
Ross App. No. 96CA2240. This cause is pending before the court as an appeal from the Court of Appeals for Ross County. Upon consideration of appellees' motion to withdraw motion to strike or dismiss appellant's notice of appeal filed May 9, 1997,

IT IS ORDERED by the court that the motion to withdraw motion to strike or dismiss be, and hereby is, granted.

**97–928. State v. Wilson.**
Lorain App. No. 96CA006412. This cause is pending as a discretionary appeal and a claimed appeal of right from the Court of Appeals for Lorain County. On June 19, 1997, appellant filed a document titled "Motion to Strike Appellee's 'Brief,'" in which appellant presents arguments in opposition to appellee's memorandum in response and requests that the memorandum be stricken. It appears to the court that appellant's motion to strike is, in substance, a reply memorandum. Whereas S.Ct.Prac.R. III(3) prohibits the filing of a reply to the jurisdictional memorandum of the appellee,

IT IS ORDERED by the court, *sua sponte*, that appellant's motion to strike be, and hereby is, stricken.

## MISCELLANEOUS DISMISSALS